WALKER (REESIDE v.). See Case No. 11,-656.

# Case No. 17,084.

WALKER et al. v. REID et al.

[2 Cin. Law Bul. 133.]

Circuit Court, S. D. Ohio. June 11, 1877.

TRADE-MARKS — SECRETARY'S CERTIFICATE — VALIDITY AND INFRINGEMENT.

[1. The certificate of the commissioner of patents of the registration of a trade-mark is not required to include a certified copy of the declaration filed with the trade-mark; for the law does not provide for the recording of such declaration, as distinguished from the statement which is required to be recorded; and a statement in the certificate that the declaration was filed, together with the substance of the declaration, is sufficient.]

[2. There can be no valid trade-mark in the words "Stoga Kip," as applied to boots, for they indicate neither ownership nor origin, but merely designate quality.]

[3. Quære: Whether one who has obtained a patent for an improvement in the manufacture of boots, which he terms in his application a "Saddle Seam Boot," can thereafter obtain a trade-mark in these words, whereby his monopoly may be prolonged beyond the term of the patent.]

[4. The owner of a trade-mark for goods which he manufactures under a patent is not entitled to enjoin the use thereof by a dealer purchasing his goods from a manufacturer who has a license under the patent.]

[This was a suit in equity by Joseph H. Walker and others against W. P. Reid and others to enjoin the alleged infringement of a trade-mark.]

Lincoln, Smith & Stephens, for complainants.

Perry & Jenney and Mr. Hartwell, for defendants.

BY THE COURT. This suit is brought by the complainants to enjoin the defendants from the use of certain trade-marks described in the bill, the first of which is composed of the words "Walker Boot," and an open star, which, it is alleged, was legally registered and recorded in the patent office on the 23d day of May, 1871. The second is composed of the words "Saddle Seam Boot," and which, it is alleged, was legally registered and recorded on the 23d day of July, 1872. In addition to the registered trade-marks, the bill alleges that complainants have for four years past, for the purpose of designating the boots manufactured and sold by them, and to distinguish them from those manufactured and sold by others, used upon the cases or packages containing their boots certain marks, consisting of the words "Stoga Kip." The letters "J. H. W." (being the initials of John H. Walker) inclosed in a broken ellipse, the words "Trade-Mark," "Saddle Seam Boot," "Walker Boot," and the open star. Complainants allege further that during the period of four years they were, and now are, entitled to the exclusive use of said trade-marks, and until the infringement by the defendants they have been exclusively used by them; that large quantities of boots so marked in cases have been sold by them; that their boots have acquired a valuable reputation, and are known in the trade by such trade-marks; that such trade-marks, and the exclusive right to use the same, are of great value to complainants; that the defendants, without complainants' license, have offered for sale and sold large quantities of boots bearing the same marks, or substantially the same, in boxes bearing the same marks, or substantially the same, as those of complainants, and thereby induced the public to believe that the boots so sold were the boots manufactured by complainants, greatly to the damage of the complainants. The bill

concludes with the usual prayer for injunction.

Attached to the bill are the certificates by the commissioner of patents of the registration of the two trade-marks alleged to have been registered. Upon the hearing it was objected to these certificates that they did not show a compliance with the law regulating trade-marks, and therefore, as registered trade-marks, they are invalid. In support of this proposition, reference was made to Smith v. Reynolds [Case No. 13,097]. Under that authority, if the certificates in this case were the same as that given by the reporter, they would not be sufficient, but I think that certificates are different. In that case the certificate was. "That I, Lee, Smith & Co. did, on the 30th of December, 1870, deposit in the patent office for registration a certain trade-mark for paints, of which a copy is hereto annexed; that they filed herewith the annexed statements, and having paid into the treasury of the United States the sum of twenty-five dollars, and otherwise complied with the act of congress in such case made and provided, the said trade-mark has been duly registered, &c." In that case the only thing certified to have been filed was the "annexed statement." The commissioner in these certifies that "Joseph H. Walker did, on the 1st day of May, 1871, deposit in the said office for registration a certain trade-mark, a copy of which is hereto annexed, &c.; that he deposited therewith a statement, a copy of which is also hereto annexed, and the declaration under the oath of himself, the said Joseph H. Walker, to the effect, &c." Then follows a minute detail of all the declarations contained, which shows that it was in full compliance with the law. In this the two certificates are different. The statement required by the statute is a separate and distinct thing from the declaration, and, when the statute speaks of certified copies of the statement, it certainly does not thereby include the declaration. The statement is to contain the name of the person who applies for the trade-mark, the kind of goods to which it is to be applied, and a description of the trade-mark, and this is to be recorded; but there is no provision for recording the declaration, and consequently no provision for certified copies thereof. But the certificates in this case show that such declarations were filed, and this, I think, for the purposes of the present hearing, must be taken as true. In addition to the registered trade-marks, I take it that this bill alleges that they have combined these two trade-marks with the words "Stoga Kip," the letters "J. H. W.," in a broken ellipse, the words "trade-mark," and used them all upon the boxes containing the boots of their manufacture, as a general trade-mark, to designate them as of their manufacture.

It is not contended that the defendants have used the first trade-mark as registered; the proof shows, however, that they have used the second literally as registered. The proof further shows that the defendants used upon the boxes in which their boots were sold the words "Stoga Kip," the letters "J. H. W.," in the broken ellipse, the words "Walker Saddle Seam," in stencil, and the words "Walker Saddle Seam," branded letters of the same size and form, and stencil and brand of the same general appearance of those used by complainants. That defendants had a right to use the words "Stoga Kip," separate from any other word, cannot be doubted, for the words neither indicate ownership nor origin, but quality, and the complainants themselves could acquire no exclusive right in such words separately, or as a trade-mark; but when used in connection with their own name, or their initials, to designate goods of their manufacture, it might become a part of their trade-mark. Had the defendants stopped with the use of the word "Stoga Kip," they could not have been enjoined, but they have used the letters "J. H. W.," in the broken ellipse, in connection with it precisely as used by complainants; this they certainly had no right to do, in connection with goods of their own manufacture, or with others than those of complainants. The more important matter, however, is the use of the words "Walker Saddle Seam," and it has given me no inconsiderable amount of trouble.

It appears from the evidence in the case that Joseph H. Walker, on the 1st of November, 1870, obtained a patent for an improvement in the manufacture of boots. What he claimed as his improvement was "a boot having a saddle or brace piece applied with a boot to the side seams, and extending up on said seams above in the top line of the counter, as and for the purposes set forth," and which improved boot he termed in his application the "Saddle Seam Boot." In the drawing referred to it is called "Joseph H. Walker's Saddle Seamed Boot." Whether this title is copied from the original drawing, or "Joseph H. Walker" added by the commissioner as a designation of the person whose invention it was, does not appear. The evidence further shows that Joseph H. Walker on the 23d of July, A. D. 1872, registered the trade-mark "Saddle Seam Boot," which he says in his statement was to be used upon boots made as described in his letters patent of November 1, 1870, and the circulars and advertisements relating to said style of boots. The evidence further shows that this patent was assigned by Joseph H. Walker to the Walker Saddle Seam Association, but whether the assignment was made before or after the registration of the trade-mark does not appear. It does appear, however, that, after the association became the owner of the patent, it granted license to others to manufacture boots under the patent, and that during the year 1872 large quantities of boots were manufactured under the same by said licensees. It also appears that since 1872 a large number of persons have been licensed to manufacture boots under said patent, and that more than

two-thirds of all the boots now manufactured are manufactured by others than complainants, who are also licensees, and are manufacturing by virtue of their license.

Upon this statement of facts the question arises: Can a man, after he has obtained a patent for an improvement of this character, and which he terms in his application a "Saddle Seam Boot," obtain the right to a trade-mark in and to the same name? By the patent the government has given him the exclusive right. for seventeen years to make and sell the improved boot which he calls the "Saddle Seamed Boot"; can he procure an additional right by which he shall have the exclusive use for thirty years of that name, by which he can prohibit, long after his patent has expired, the use of a name which, by his patent, he has given to the public? The view that I have taken of the case renders it unnecessary to determine that abstract question; but I doubt very much the validity of any such trademark. It is admitted in argument by the learned counsel for complainants that they have not the exclusive right to the words "Saddle Seam Boot"; that other licensees have an equal right with them to their use; and so those to whom they sell have the same right to their use until the article shall be consumed. But it claimed that as against these defendants the right exists, because they were not licenses. If it were entirely clear that these parties were using the words to designate and dispose of goods of their own manufacture, it would bring us back to the question of the validity of this trade-mark; but that is not the case as presented by the testimony. Upon this point the testimony is somewhat conflicting. The affidavits of the defendants show that they did not use these words upon boots of their own manufacture; that they were used only upon goods which they purchased from licensees, or those purchased from the purchasers of such licensees. If this be so, there can be no injunction as to the use of these words, but concede it to be doubtful whether they have used them in the sale of their manufactures; still. the injunction would be refused, for it is a well-recognized principle that whenever the title or right which is sought to be protected is not entirely clear. or the infringement doubtful, an injunction will be refused. Had the defendants used only the words "Saddle Seam Boot," I have no doubt that they would have been protected as against everybody, but the evidence in the case shows that the defendants, in connection with these words, have used the word "Walker." I admit that, if this boot had become generally known throughout the entire trade as "Walker's Saddle Seam Boot," the defendants would have had a right to use it in connection with work manufactured under the patent; it would come within the doctrine of Singleton v. Bolton, 3 Doug. 293; Canham v. Jones, 2 Ves. & B. 218; and Singer Manuf'g. Co. v. Wilson, 3 Cent. Law J. 706. In the latter case the court held that the defendants had a right to call their

29 FED.CAS.—4

machine the Singer machine, provided they did not convey the idea that it was manufactured by the Singer Co. There is a diversity of statements by the witnesses upon this point, some testifying that the word "Walker," prefixed to the words "Saddle Seamed Boot," signifies that the boot was made under the Walker patent, and others that it signifies to the trade the boot made by complainants under the patent. The weight of the evidence would seem that the word was understood to designate the boots manufactured by the complainants, but this might of itself not be sufficient to maintain injunction. But we have in addition to this the fact that defendants were customers of the complainants up to 1875, when, from some cause, they refused to sell them any more goods, and that in 1876 the defendants procured the stencil and the brands, the letters "J. H. W.." with the broken ellipse precisely as complainants; in the brand the word "Walker" was of the same letters in size and appearance as complainants. but in lieu of boot and star they had saddle seam. In addition we have the testimony of three witnesses that the principal defendants admitted to them that they had infringed complainants' trademarks, and assigned as a reason therefor that the complainants would not sell them their boots, and they did it to satisfy their customers and not lose their trade. The defendant denies that he made such admissions; says he had conversations in regard to the matter, but did not use the language; but the testimony of three must outweigh that of one. I think from the evidence in the case the complainants are entitled to an injunction restraining defendants from the use of the letters "J. H. W." and the broken ellipse, and from the use of the word "Walker" as used by them, but they are not entitled to an injunction restraining them from the use of the words "Saddle Seam." Whether the defendants would have the right to use the word "Walker" in connection with the words "Saddle Seam," simply to show that the boot was manufactured under Walker's patent. need not now be decided. Let an injunction issue in conformity with this opinion.